IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KURTIS L. UREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:22-cv-8 |
| v. | ) |
| | ) |
| SGT. CULVER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Kurtis L. Urey, an inmate at the State Correctional Institution at Fayette ("SCI-Fayette"), has brought this *pro se* lawsuit against three corrections officials ("Sgt. Culver," "C.O. Baumcratz," "C.O. Musser") and a physician's assistant ("Mr. Sutherland") seeking damages and injunctive relief as redress for the violation of his federal and state rights. Plaintiff's complaint, filed on January 6, 2022, includes claims predicated on the alleged use of excessive force, assault and battery, retaliation, and deliberate indifference to serious medical needs. ECF No. 5. The matter has been referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), Federal Rule of Civil Procedure 72(b), and the Local Rules for Magistrate Judges.

On July 18, 2022, Defendant Sutherland filed a motion to dismiss the claims against him. ECF No. 26. Plaintiff filed his response to the motion on September 27, 2022. ECF No. 35. The matter is now ripe for adjudication.

On January 26, 2023, Judge Lanzillo issued a Report and Recommendation ("R&R") in which he concluded that Sutherland's motion to dismiss should be granted and the claims against him should be dismissed without prejudice. ECF No. 43. Judge Lanzillo began with the

1

assumption that Plaintiff might be attempting to state a retaliation claim against Sutherland. To the extent that was true, Judge Lanzillo found that any putative retaliation claim was legally deficient because there were no averments in the complaint identifying Sutherland as the person who retaliated against him, nor were there allegations establishing (i) the manner in which Sutherland supposedly retaliated, (ii) when and where the alleged retaliation took place, (iii) that the retaliatory actions were because of protected conduct, or (iv) that the retaliatory acts chilled the exercise of his First Amendment right. ECF No. 43 at 5. Judge Lanzillo next considered whether Urey had stated a claim premised on deliberate indifference to his serious medical needs. Judge Lanzillo concluded that such a claim was not adequately pled because the facts in the complaint did not establish deliberate indifference on the part of Sutherland. Although he considered Plaintiff's claims against Sutherland to be deficient, Judge Lanzillo did not view them as futile, so he recommended that the dismissal be without prejudice and with leave to amend.

Objections to the Report and Recommendation were due on or before February 13, 2023. To date, no objections have been received by the Court.

Accordingly, after *de novo* review of the Complaint, Defendant Sutherland's motion to dismiss and Plaintiff's response thereto, along with the Magistrate Judge's Report and Recommendation, the following Order is entered:

NOW, this 17th day of February, 2023, IT IS ORDERED that Defendant Sutherland's motion to dismiss, ECF No. [26], shall be, and hereby is, GRANTED. IT IS FURTHER ORDERED that Plaintiff may reassert his claims against Defendant Sutherland **on or before March 17, 2023** in an amended complaint that shall include all of Plaintiff's claims against all Defendants. **In the event that Plaintiff declines to file an amended complaint or on before**

2

**March 17, 2023, the Court's dismissal of his claims against Defendant Sutherland will be converted to a dismissal <u>with prejudice</u>, without further notice.**

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo, dated January 26, 2023, ECF No. [43], is adopted as the opinion of this Court.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge